**COLLINS AND AIKMAN CORPORA-
TION, Plaintiff,**

v.

**J. P. STEVENS & CO., Inc., Defendant.**

**Civ. A. No. 70-9.**

United States District Court,
D. South Carolina,
Greenville Division.

Jan. 4, 1971.

**220**

Ralph Bailey, Jr., of Bailey & Dority, Greenville, S. C., and Stuart S. Bowie, Philadelphia, Pa., for plaintiff.

Andrew B. Marion, of Haynsworth, Perry, Bryant, Marion & Johnstone, Greenville, S. C., and Richard A. Huettner, and Wm. J. Ungvarsky, of Kenyon & Kenyon, Reilly Carr & Chapin, New York City, for defendant J. P. Stevens & Co.

Thomas A. Evins, of Means, Evins, Browne & Hamilton, Spartanburg, S. C., for Deering Milliken, Inc.

ORDER

HEMPHILL, District Judge.

The defendant herein has moved pursuant to Rule 45, Federal Rules of Civil Procedure for the production of documents contained in the files of Deering Milliken, Inc. concerning the patents disputed in the above action. At the hearing of the matter, Deering Milliken and the plaintiff herein objected to the requested production upon the grounds that many of the documents requested were within the attorney-client privilege and/or beyond the scope of allowable discovery because they constitute work product. The second general ground of the objection was that the files held private, confidential and commercial information which Deering Milliken, Inc. had a right to withhold from the parties to this action, who are its competitors.

Prior to the hearing of the matter, Deering Milliken compiled a list identifying, at least in part, the documents contained in the files. That listing indicates that the material sought by the defendant is extensive. It further appears that for the most part the material is made up of the opinions of and correspondences regarding the patents in issue prepared by counsel to Deering Milliken or Callaway Mills, an acquisition of Deering Milliken. Deering Milliken claims attorney-client and work product privileges with respect to these documents. The court is not impressed with defendant's argument to the effect that those privileges, if existing at all, are deprived of real significance where patents are the subject of the communication. The argument is based in the main upon Judge Fechy's order in Zenith Radio Corp. v. Radio Corp. of America, 121 F.Supp. 792 (D. Del.1954) and Georgia-Pacific Plywood Co. v. United States Plywood Corp., 18 F.R.D. 463 (S.D.N.Y.1956). The rational of those cases seems to be that the information which patent attorneys utilize in preparing their opinions or advising their clients is in the public domain, not confidential, so no privilege can attach.[1] A second basis for these decisions is that in evaluating the merits of the patent the attorney acts, not as an attorney, but as a technician.

More recent cases convince this court that those cases have lost much of their vitality.[2] Work product and attorney-client privileges exist in the field of patent law and must be respected by the court in regulating discovery. It would appear to this court that the necessity for frank and full exchange of information between patent attorneys and their clients requires, as it does in other areas, that these communications be protected by the attorney-client privilege. The policy which dictated the creation of the

1. See also, Jack Winter, Inc. v. Koratron & Co., 50 F.R.D. 225 (N.D.Cal.1970); American Cyanamid Co. v. Hercules Powder, Co., 211 F.Supp. 85 (D.Del.1962).

2. In re Natta, 410 F.2d 187 (3rd Cir. 1969); Natta v. Hogan, 392 F.2d 686 (10th Cir. 1968); In re Natta, 48 F.R.D. 319 (D.Del.1969).

privilege applies with equal force to the area of patent law.

■ The court has not held *in camera* inspection of the documents in question and, due to their volume, feels that to do so places an undue burden upon the court. In matters of this type the court relies heavily upon the candor of counsel in their representation of the nature of the material for which privilege is claimed. Proceeding upon this theory the court will not, at this time, order the production of any documents for which attorney-client and work product privilege is claimed. At the request of the party aggrieved by its refusal to order the production of documents, the court will appoint a Special Master in accordance with Rule 53, Federal Rules of Civil Procedure, to examine the documents *in camera* and report to the court upon the merit of the claims of privilege with respect to each of the documents. The expense of the Special Master will be charged to the party insisting upon discovery of the documents.

■ Deering-Milliken claims that numerous other documents are confidential for various reasons, and therefore beyond the scope of discovery. The 1970 Amendment to Rule 26 makes the documents of persons not parties to an action subject to discovery. It is not at this point clear whether the same broad test for relevance of documents will be utilized with respect to third parties. There appear to be quite strong considerations indicating that the discovery would be more limited to protect third parties from harassment, inconvenience, or disclosure of confidential documents. The court, therefore, is unwilling to order the production of the documents which Deering Milliken claims are confidential, without some further showing of their nature and relevance. Deering Milliken is not a party and is entitled to considerable protection from the court to prevent needless compromise and injury to it. The court, therefore, orders that if the defendant continues to insist upon discovery of documents which fall within this class, the said documents shall be submitted to the Special Master above referred to for *in camera* inspection and determination of their relevancy, damage resulting from their compromise, and a proper protective order should production be recommended.

In issuing its order, the court relies upon the good faith of Deering Milliken in formulating its objections. If, upon consideration of the documents involved, it appears to Deering Milliken that its objection as to any part of the material requested is insubstantial, it will produce the material without further order of this court. If *in camera* inspection of documents of this class becomes necessary the court will utilize the service of a Special Master as discussed above.

■ Documents requested which may be relevant to the defenses raised by J. P. Stevens not within either of the above classes must be produced by Deering Milliken. However, the reasonable cost to be incurred by Deering Milliken in producing the documents for copying will be paid by the defendant, J. P. Stevens, in accordance with Rule 45(b) of the Federal Rules of Civil Procedure.

If defendant insists on pursuit of the discovery under the guidelines of this order, it shall notify the Clerk of this Court of its desire so to do. The Clerk, pursuant to such notification, shall schedule a hearing before an appropriate court in order that consideration may be had to the appointment of a Special Master to accomplish the *in camera* screening here advised. The appointing court will set such schedules and safeguards for the report of the Special Master as may appear appropriate, including such inspections by that court as the Special Master may recommend.

And it is so ordered.