712 F.2d 1324
 ROCKWELL INTERNATIONAL, INC., a Delaware corporation,
Plaintiff-Appellee,
v.
POS-A-TRACTION INDUSTRIES, INC., a California corporation;
and William Krech, Defendants,
and
Paul Krech, Non-Party-Appellant.
 No. 82-5645.
 United States Court of Appeals,
Ninth Circuit.
 Submitted June 8, 1983.
Decided Aug. 10, 1983.
 
 Michael J. Maloney, Steven H. Blackman, Ball, Hunt, Hart, Brown & Baerwitz, Los Angeles, Cal., for plaintiff-appellee.
 James A. Krueger, Kane, Vandeberg, Hartinger & Walker, Tacoma, Wash., Bruce H. Hatkoff, Encino, Cal., Bruce B. Johnson, Los Angeles, Cal., for non-party-appellant.
 Appeal from the United States District Court for the Central District of California.
 Before BROWNING, Chief Judge, and CHOY and FERGUSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 In state and federal actions brought by Rockwell International, Inc., against Paul Krech and Pacific Northwest Pos-A-Traction, Inc., the parties agreed, per a Stipulation and Order, to "double caption" Krech's deposition to permit its use in both suits. The stipulation provided Krech's deposition would be taken in two sessions, one in Tacoma, Washington, the other in Los Angeles. The deposition was begun in Tacoma by Rockwell's attorney in the state action, but was not completed. The parties agreed to continue the deposition in Los Angeles to permit Rockwell's attorney in the state action to complete his questioning and to give Rockwell's attorney in the federal action an opportunity to question the deponent. When Rockwell's attorney in the state action had completed his questions, Krech, on the advice of counsel, refused to answer questions by Rockwell's attorney in the federal action on the theory that no more than one attorney may propound questions on behalf of the same party at the taking of a deposition.
 
 
 2
 A federal magistrate subsequently granted Rockwell's motion to compel Krech to answer questions by Rockwell's attorney in the federal action and to pay $700 in expenses. After Krech objected to the form of the order, the magistrate vacated the order on the ground that as a non-party witness Krech was immune from monetary sanctions, and that he did not have jurisdiction to compel Krech to answer because the parties had agreed after Rockwell filed its motion to compel answers that any continuation of the deposition would take place in Tacoma.
 
 
 3
 Upon Rockwell's motion for reconsideration of the magistrate's order, the district court, after two hearings in which Krech and his attorney failed to appear, vacated the magistrate's order, compelled Krech to submit to deposition, and awarded sanctions against Krech and his attorney in the amount of $2,467. We affirm.
 
 
 4
 Where a magistrate is designated to hear a discovery motion, "[a] judge of the court may reconsider any pretrial matter ... where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The magistrate's conclusions that he did not have jurisdiction and that Krech was immune from sanctions as a non-party witness were contrary to law. Fed.R.Civ.P. 37(a)(1) expressly provides for a motion to compel discovery by "a deponent who is not a party ... in the district where the deposition is being taken," which in this case was the Central District of California. And Rule 37(a)(4) provides that if the motion is granted "the party or deponent" shall be required to pay the moving party's reasonable expenses unless "opposition to the motion was substantially justified."
 
 
 5
 Krech's refusal to answer was not justified.
 
 
 6
 Krech objected solely on the ground that he could be questioned by only one attorney. There was no suggestion of actual abuse of the witness. Although Krech was a potential witness in both actions, the subject matter of the two suits differed and Rockwell's counsel in the federal suit stated he would not question Krech further on matters already covered by Rockwell's counsel in the state suit.
 
 
 7
 It was not a per se abuse to have two attorneys rather than one question Krech. Krech agreed to be deposed by both counsel representing Rockwell. Assuming they are applicable, neither Washington nor California civil rules bar this practice. Washington Civil Rule 43(a)(2) does not apply to the taking of depositions but only to questioning during trial. No provision in the California Civil Code governing depositions prohibits questioning by two attorneys. See Cal.Code of Civ.Proc. §§ 2016-2036.5 (West Supp.1983).
 
 
 8
 Krech argues that he cannot be subjected to sanctions under Rule 37(b)(1) because he was not directed to answer questions by a subpoena or court order, citing Fremont Energy Corp. v. Seattle Post Intelligencer, 688 F.2d 1285 (9th Cir.1982). The issue in the present case is not whether under Rule 37(b)(1) Krech could be punished for contempt for failing to answer a question after being directed to do so by a court, but whether under Rule 37(a)(4) Rockwell could be awarded reasonable expenses incurred in obtaining an order compelling Krech to submit to discovery.
 
 
 9
 Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646 (9th Cir.1980), is also inapposite, holding only that by terms of a settlement agreement and general release plaintiff had foregone any rights it might have had against defendant, including rights to discovery.
 
 
 10
 Rule 37(a)(4) also provides for expenses to be awarded against the attorney advising a deponent not to answer if the advice was not substantially justified. Assuming without deciding that Krech has standing to appeal the award against his attorney, we hold the award was proper because the attorney's advice was not justified. The amount of the award against Krech and his attorney does not reflect an abuse of discretion.
 
 
 11
 We hold Krech's appeal was frivolous. The district court reasonably found after a hearing in which Krech failed to appear that until the day before the deposition was scheduled Krech at least tacitly agreed to being questioned by two attorneys. Krech has cited no federal or state authority reasonably supporting his position that questioning by two attorneys is a per se abuse of deposition process. We therefore award Rockwell attorney's fees and single costs for this appeal under Fed.R.App.P. 38 and 28 U.S.C. § 1912, the amount to be determined by the district court.
 
 
 12
 AFFIRMED and REMANDED.