Paul LAXALT, Plaintiff,

v.

C.K. McCLATCHY; McClatchy Newspapers, a corporation; the Sacramento Bee, a newspaper; Frank McCulloch; Michael Kidder; Dennis Walsh; Art Nauman; the Fresno Bee, a newspaper; George Gruner; Don Slinkard; the Modesto Bee, a newspaper; Sanders LaMont; Ray Nish; Doe Corporations I through XX; Doe Partnerships I through XX; Doe Associations I through XX; and Does I Through XX, Defendants.

No. CV–R–84–407–ECR.

United States District Court,
D. Nevada.

Nov. 5, 1986.

See also, D.C., 116 F.R.D. 438.

Richard L. Davenport, Reno, Nev., and James E. Beasley, Philadelphia, Pa., for plaintiff.

Gibson, Dunn & Crutcher, Los Angeles, Cal., for all defendants except Walsh.

Thomas E. Kotoske, Palo Alto, Cal., for defendant Walsh.

Brent T. Adams, Reno, Nev. for all defendants.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

This Court has received the Magistrate's order regarding the production of certain documents in the possession of the Gaming Control Board of the State of Nevada. The Court has also received the defendants' objections to that order, and the plaintiff's and the Board's opposition to those objections. Upon review of the Magistrate's order, and all of the various documents filed by the parties in this suit, it appears that the Magistrate's order must be affirmed by this Court.

## STANDARD OF REVIEW

In that there appears to be substantial disagreement between the parties regarding the applicable standard of review of the Magistrate's order in this Court, it is necessary to discuss the applicable standard.

This matter was referred to the Magistrate under the provisions of 28 U.S.C. § 636(b)(1)(A) which provide that "a judge may designate a magistrate to hear and determine any pretrial matter before the court...." This section further provides that "[a] judge of the court may reconsider any pretrial matter under this subparagraph where it has been shown that the Magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). *See* LR 500–3 and 510–1. Thus, this Court may reverse the Magistrate's order in this case only if it finds that order to be clearly erroneous or contrary to law.

The Ninth Circuit has affirmed this proposition. In *Rockwell International, Inc. v. Pos-a-Traction Industries, Inc.*, 712 F.2d 1324 (9th Cir.1983), appeal was taken from a district judge's order which had vacated a magistrate's ruling and had compelled a deponent to submit to a deposition. This matter had also been referred to the magistrate under 636(b)(1)(A). The magistrate had refused to compel the deponent to appear at the deposition on the ground that his court did not have jurisdiction to enter such an order. The district judge vacated that ruling and ordered the deponent to appear.

The Court of Appeals for the Ninth Circuit affirmed the district judge's reversal of the magistrate's order. In this case, the court noted, "[t]he magistrate's conclusions that he did not have jurisdiction and that [the deponent] was immune from sanctions as a non-party witness were contrary to

law." *Id.*, at 1325, *citing* Fed.R.Civ.P. 37(a)(1). In that the magistrate had relieved the deponent of his obligation to appear at the deposition in clear contravention of the existing rules and authorities, the court found that the district judge had been justified in reversing that order.

In this case, however, the Magistrate has applied the correct legal tests to the discovery requests, and it thus cannot be said that her conclusions are clearly erroneous or contrary to law. The defendants have requested access to three large boxes of documents in the possession of the Gaming Control Board of the State of Nevada. In her order, the Magistrate has ruled that a fair number of the documents must be produced. In other cases, the Magistrate's order indicates that documents will be produced only after sensitive material is redacted. For other documents, the Magistrate has completely prevented production. The redacted and withheld documents all fall into one of three categories: 1) those which the Magistrate has deemed irrelevant; 2) those in which the showing of relevancy is outweighed by potential prejudice; and 3) those which an assertion of privilege prevents from being produced.

## RELEVANCY

The Magistrate found that the following documents were not relevant to this action, and were either not to be produced or produced in a redacted form: A–6; A–7; A–8; L–6; M–5; 0–12; P–8; T–8; and T–11. Initially, the Court notes that "relevancy," as defined by the Federal Rules of Civil Procedure for discovery purposes, includes all evidence that is reasonably calculated to lead to admissible evidence. Fed.R.Civ.P. 26(b)(1). This is a very broad standard, and the Supreme Court has indicated that it is to be given liberal interpretation such that all parties may obtain in advance of trial knowledge of the relevant facts in the possession of the other. *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). In spite of the extremely broad interpretation given Rule 26(b) in regard to party discovery, the cases have construed this provision more narrowly when it is applied to non-parties.

In *Dart Industries Co. v. Westwood Chemical Co.*, 649 F.2d 646 (9th Cir.1980), for example, Westwood had brought an action against two of its former employees, alleging that they had illegally conspired with a Dart subsidiary to terminate a sales agreement that had been in effect between Westwood and the subsidiary. Westwood had had a subpoena duces tecum issued, directing one of Dart's officers to answer written questions and produce certain documents. The district court had quashed the subpoena, finding that the plaintiff had released its right to engage in discovery against Dart by contract.

The Ninth Circuit upheld the district court's order. Although the court noted that discovery should not be unnecessarily restricted, it found that "the 'necessary' restriction may be broader when a non-party is the target of discovery." *Id.*, at 649, *citing Kyle Engineering Co. v. Kleppe*, 600 F.2d 226, 232 (9th Cir.1979). Quoting from another case, the court found that " '[t]here appear to be quite strong considerations indicating that ... discovery would be more limited to protect third parties from harassment, inconvenience, or disclosure of confidential documents.' " *Id.*, quoting *Collins & Aikman Corp. v. J.P. Stevens & Co.*, 51 F.R.D. 219, 221 (D.S.C.1971). In spite of the strong policy in favor of liberal discovery evinced in *Hickman v. Taylor, supra*, the court here held that the agreement prohibiting discovery against Dart should be given effect, and that the district court order quashing the subpoena should be upheld. *Id.*

This rule has been followed even in cases where there was no agreement between the party and the nonparty which limited discovery. *See Slater Steel, Inc. v. Vac-Air Alloys Corp.*, 107 F.R.D. 246, 248 (W.D.N.Y.1985) (quoting from *Dart Industries*); *Collins & Aikman Corp. v. J.P. Stevens & Co.*, 51 F.R.D. 219, 221 (D.S.C.1971); *cf United States v. CBS, Inc.*, 103 F.R.D. 365, 368 (C.D. Cal.1984) (fact that material sought from the nonparty is relevant does

not mandate that the producing non party witness bear the costs of production). The rule is thus well established that nonparties to litigation enjoy greater protection from discovery than normal parties.

■ In the present case, the Magistrate applied the standards enunciated in the foregoing cases to test the relevancy of all documents. In her analysis, much time was spent in considering the relevancy of every item of evidence. The Court must defer to the Magistrate's analysis of the relevancy of these items, in that her order indicates that she applied the proper test of law. In that this is true, it cannot be said that her rulings are clearly erroneous or contrary to law. The defendants' objections to the Magistrate's order consist entirely of factual protestation about the relevancy the particular documents which the Magistrate has deemed irrelevant. In none of the objections to the Magistrate's relevancy findings do the defendants demonstrate that the findings are clearly erroneous or contrary to law. In view of this fact, the Magistrate's relevancy findings will be affirmed.

## PRIVACY AND CONFIDENTIALITY

■ Another significant number of documents were ordered withheld or redacted by the Magistrate, in that she found their minimal relevancy to be outweighed by the privacy or confidentiality interest of the Board and the person named in the document. No cases have been cited by any party or the Magistrate in favor or against this "balancing approach" to discovery. Upon review of Rule 26(c), however, it is clear that the Magistrate has simply entered basic protective orders regarding these documents. Federal Rule of Civil Procedure 26(c) provides that upon good cause shown, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed.R.Civ.P. 26(c). Under this rule, the court may withhold the sensitive materials from the public view. *Id.* It appears that the Magistrate has treated the Board's motion for *in camera* inspection as a motion for protective order, and has gone on to find that the production of these documents, even though they are marginally relevant, would cause unnecessary breaches of privacy and confidentiality, resulting in annoyance and embarrassment. Defendants' objections indicate nowhere that the Magistrate's holding in this regard is incorrect.

■ The Court also notes that even without the protective order provisions of Rule 26(c), the Magistrate's order would nonetheless be proper. The standards for nonparty discovery, as stated above, require a stronger showing of relevance than for simple party discovery. The Magistrate has concluded that these documents are all of only minimal relevance. In view of this fact, no protective order is even needed under Rule 26(c), as these documents fail to meet even the threshold relevancy analysis for discovery of nonparty documents. In that the defendants have not demonstrated to the Court that the Magistrate's order was clearly erroneous or contrary to law in this regard, the Court will uphold this portion of the order as well.

## PRIVILEGES

The following documents were found by the Magistrate to fall into the protective sphere of one of the Nevada privileges: A–5; T–4; T–5; T–6; T–7; O–7; Y–19; Y–4; Y–5; Y–15; Y–20; and Y–21. The Magistrate concluded that all these documents were shielded by various governmental privileges, including the statutory privileges created for the Gaming Board's records under NRS §§ 463.120(4), 463.144, and 463.341, as well as the common law of executive privilege. Although the supreme court of the State of Nevada has not had opportunity to interpret these various provisions, the Magistrate correctly interpreted that statute as she felt that court would be presented with the same question. *See Molsbergen v. U.S.*, 757 F.2d 1016, 1020 (9th Cir.1985), *cert. dismissed* 473 U.S. 934, 106 U.S. 30, 87 L.Ed.2d 706 (1985).

In that all of these privileges are essentially governmental privileges, case law from the federal system is persuasive, in that the system of governmental privileges has been more fully developed there. In *Federal Trade Commission v. Warner Communications, Inc.*, 742 F.2d 1156 (9th Cir.1984), for example, the F.T.C. sought to block the proposed joint venture between two record companies. In the course of litigation, the district court had ordered the government to produce two memoranda prepared by members of the Bureau of Economics. The F.T.C. objected to this production order, contending that the documents were protected by the governmental deliberative process privilege. *Id.*, at 1161.

In finding that the documents should not have been disclosed, the court noted that a litigant may obtain materials shielded by government privilege only if the need for them and the need for accurate fact finding override the government's interest in nondisclosure. *Id., citing United States v. Leggett and Platt, Inc.*, 542 F.2d 655, 658 (6th Cir.1976), *cert. denied* 430 U.S. 945, 97 S.Ct. 1579, 51 L.Ed.2d 792 (1977); *United States v. American Telephone and Telegraph Co.*, 524 F.Supp. 1381, 1386 n. 14 (D. D.C.1981). In applying this weighing process, the court found a four part test helpful. Initially, the relevance of the evidence must be taken into account. Further, the availability of other evidence and the government's role in the litigation must be considered. Finally, the court noted that the extent to which disclosure would hinder frank and independent discussion regarding the agencies contemplated decisions and policies would factor into the court's decision. *Id.*, at 1161.

In this case, the court noted that although the documents were relevant, the information they contained was available from the defendants in the suit. *Id.*, at 1162. The fact that the F.T.C. had disclosed other documents in the past, the court noted further, did not indicate bad faith on its behalf. In addition, the court found that the compelled disclosure of these documents would injure the quality of agency decisions, in that it would chill the frank and open discussion of future matter presented to the agency. For these reasons, the court reversed the district court's grant of subpoena in this case. *Id.*

The balancing test enunciated by the court in *Federal Trade Commission*, which was fleshed out by the four factors also stated in that case, has been used in all other forms of governmental privilege. *See United States v. Reynolds*, 345 U.S. 1, 11, 73 S.Ct. 528, 533–34, 97 L.Ed. 727 (1953) (under federal government documents privilege, a strong showing of necessity is required to overcome the privilege surrounding military documents); *Nixon v. Sirica*, 487 F.2d 700, 717 (D.C.Cir.1973) (executive privilege will only recede upon a showing of need, established by unique circumstances such as a criminal investigation). It thus appears that in all types of governmental privileges, the balancing test must be applied.

This is exactly the test that the Magistrate has used in the present case. In all cases where a claim of privilege has been asserted, the Magistrate has found either that the documents are only slightly relevant, that the information can be obtained elsewhere, or that the governmental operations will be significantly harmed by disclosure of the documentary evidence. The defendants dispute the Magistrate's findings in all cases where documents have been ordered withheld or redacted on the basis of privilege, but the Court notes again that the defendants have not produced evidence or argument that the Magistrate's rulings are clearly erroneous or contrary to law. In that this is true, this portion of the Magistrate's order must also be affirmed.

IT IS, THEREFORE, HEREBY ORDERED that the Magistrate's order regarding the production of Gaming Control Board documents is affirmed.

IT IS FURTHER ORDERED that the Gaming Control Board documents shall be produced, produced with redactions, or

withheld as provided for in the Magistrate's order.