PAUL REEVES *vs.* BOARD OF ZONING APPEAL OF CAMBRIDGE & others.[1]
October 13, 1983. *Zoning,* Variance, Parties.

A variance was sought from the board of zoning appeal of Cambridge (the board) with respect to property at 331-337 Western Avenue. On these premises (over 10,000 square feet of land) stands a two-story eight-unit building. The facts are stated principally on the basis of the board's decision granting the variance.

A former owner, one Sherwood, had purchased the land and had done some restoration and repairs on the building. He found the expense of bringing the premises up to building code requirements too great for him alone. On this account Sherwood (after the city's building department had approved the subdivision) decided to divide the building and to sell it as four two-story townhouses.

Thereafter it was discovered that the fire walls between the two-story units failed by about thirty inches to go all the way to the roof. This gap and a minor deficiency in sideyard space resulted in slight violations of the zoning ordinance which would have prevented the subdivision. The board found (1) that the fire walls appeared to be complete when the sales took place and that the vendor (and presumably the purchasers) had been unaware of any vertical gap between the fire walls and the roof; (2) that the variances sought, affecting only these premises, were minimal and that the deficiencies in open space and set back were less than those found in other properties in the immediate neighborhood; and (3) that legal problems would result for the present and former owners of this building if the variances were not granted. There was no showing that any other building in the neighborhood had any such incomplete fire walls (cf. cases collected in *Gamache* v. *Acushnet,* 14 Mass. App. Ct. 215, 217 n.6 [1982]) or that any proposed use of, or activity upon, the premises would change or would affect other premises in any way. The board, on March 9, 1982, granted the variances to an extent which would permit the building's subdivision. It imposed the requirement that there be separate water lines and utilities for each townhouse and that the fire walls be completed.

Reeves on March 23, 1982, filed in the Superior Court a complaint in purported reliance on (a) G. L. c. 40A, § 17 (as amended by St. 1978, c. 478, § 32; see minor later amendment by St. 1982, c. 533, § 1), and also (b) G. L. c. "231A and the equitable powers of" the court. The complaint alleges no respect in which the physical use of the premises will be changed by the variances. Reeves's contention is only that the subdivision of the building into four townhouses and their subsequent sale will make possible four owner-occupied dwellings which, as a consequence, might become freed from the Cambridge rent-control ordinance.

---

[1] Wallace W. Sherwood, John E. Clark, Mark Banks, and Jamie Banks.

Each defendant (including the board) filed a motion to dismiss the complaint. Each such motion was granted.[2]

The motions to dismiss all were properly granted.[3] Reeves as tenant, and possibly only a tenant at sufferance, showed on the face of his complaint that he was not a person aggrieved by the granting of the variance. He did not assert ownership of land in the neighborhood by virtue of which he was entitled to notice and protection under G. L. c. 40A, §§ 11, 17. He alleged no interest entitled to protection under the *zoning* ordinance. See *Owens* v. *Board of Appeals of Belmont,* 11 Mass. App. Ct. 994 (1981), and cases there collected. See also *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston,* 324 Mass. 427, 430-431 (1949) (interest of an objector which is only to prevent competition with him does not make objector a person aggrieved); *Redstone* v. *Board of Appeals of Chelmsford,* 11 Mass. App. Ct. 383, 384-385 (1981) (same result, even if person fearing business competition is entitled to notice under c. 40A). Compare *Save the Bay, Inc.* v. *Department of Pub. Utils.,* 366 Mass. 667, 672-677 (1975); *Attorney Gen.* v. *Department of Pub. Util.,* 390 Mass. 208, 216-217 (1983). Possible future injury under a separate Cambridge rent control ordinance, see *Flynn* v. *Cambridge,* 383 Mass. 152 (1981), which contains its own special remedies for application in appropriate instances, does not suffice to make Reeves a "person aggrieved" under the *zoning* ordinance. See *CHR Gen., Inc.* v. *Newton,* 387 Mass. 351, 356-357 (1982), which notes that zoning ordinances deal with the *use* of land, and that a building composed of condominium units does not cause *use* of the land (on which the building sits) in any different manner than an identical building containing rental units. See also *Waltham Motor Inn, Inc.* v. *LaCava,* 3 Mass. App. Ct. 210, 213-218 (1975). See generally as to considerations which should govern granting of variances, *Boston Edison Co.* v. *Boston Redevelopment Authy.,* 374 Mass. 37, 64-68 (1977). See also Healy, Zoning Variance Trials in Massachusetts, 68 Mass.L.Rev. 108 (1983).[4]

*Judgments affirmed.*

---

[2] The defendant Clark by affidavit averred that he had purchased 335 Western Avenue (where Reeves lived) on May 15, 1981, that Reeves, a tenant, had been served with a notice to quit for nonpayment of rent, and that Reeves owned no property in the neighborhood. Reeves in his brief concedes that he was a tenant.

[3] The complaint purported to combine inappropriately and in confusing fashion a claim for review of the granting of a variance under G. L. c. 40A, § 17, with a request for declaratory relief under G. L. c. 231A, and an effort to obtain equitable rescission of the land transfers. This may have resulted, as to the declaratory relief and rescission claims, in subjecting the complaint to Mass.R.Civ.P. 4, as amended, 385 Mass. 1215 (1982). The complaint appears to have been filed seasonably so far as it arises under c. 40A, § 17.

[4] Authority as to the standing of a tenant with respect to zoning variances is somewhat mixed. As to a prospective purchaser under an oral agreement, made

*Jerome Aaron* for the plaintiff.

*David B. O'Connor,* Assistant City Solicitor, for Board of Zoning Appeal of Cambridge (*Stephen A. Greenbaum,* for Mark Banks & another, & *Anita E. Cohen,* for John E. Clark, with him).

---

before the effective date of the zoning ordinance, application by the purchaser for a variance was allowed in *Marinelli* v. *Board of Appeal of the Bldg. Dept. of Boston,* 275 Mass. 169, 172-173 (1931). Holding that a tenant at sufferance (as opposed to a lessee) has no standing to apply for a variance is *Gallagher* v. *Zoning Bd. of Review of Pawtucket,* 95 R.I. 225 (1962). Cf. *Richman* v. *Zoning Bd. of Adjustment,* 391 Pa. 254, 258-259 (1958); *Nicholson* v. *Zoning Bd. of Adjustment,* 392 Pa. 278, 281-282 (1958). Under the New York statutes and a local ordinance, it was held that a month-to-month tenant of adjacent premises has standing to object to a variance. It was stated, however, that a tenant must show a sufficient interest to give "standing to participate," and that zoning ordinances "are designed to preserve the character of zoned areas from encroachments of uses which devaluate living conditions". See *Lavere* v. *Board of Zoning Appeals of Syracuse,* 39 App. Div. 2d 639 (1972), aff'd 33 N.Y. 2d 873 (1973). See also Annot., 89 A.L.R. 2d 663, 669, 677 (1963).