JUDITH QUIMBY vs. ZONING BOARD OF APPEALS OF ARLINGTON & another.[1] March 29, 1985. *Practice, Civil,* Amendment, Zoning appeal, Standing.

The original complaint, apparently an appeal under G. L. c. 40A, § 17, was filed on October 4, 1983. It alleged that the plaintiff was a residential neighbor of the individual defendant and that the defendant board of appeals had exceeded its authority in granting the individual defendant a variance

---

[1] Peter Rogaris.

as to parking. On December 9, 1983, the individual defendant moved to dismiss on the ground, among others, that the plaintiff was not a proper party. On December 15, 1983, the plaintiff filed a motion to amend, accompanied by an amended complaint, seeking to add as coplaintiffs her parents, who are the owners of the property in which the plaintiff resides. The amended complaint also alleged that the property is located approximately fifty feet from the defendant's restaurant.

On December 20, 1983, after hearing, the motion judge allowed the motion to dismiss "pursuant to footnote 3 of *Kasper* v. *Board of Appeals of Watertown,* 3 Mass. App. Ct. 251 (1975). Said Judith Quimby not being a person aggrieved." Also on December 20, 1983, the plaintiff's motion to amend the complaint was denied. The denial bore the notation "After hearing motion denied — see action Motion to Dismiss by the Court."

1. *Motion to dismiss.* We think that the judge should not have allowed the motion to dismiss. There is no per se rule that a tenant or long-time resident can never have standing. "Authority as to the standing of a tenant with respect to zoning variances is somewhat mixed." *Reeves* v. *Board of Zoning Appeal of Cambridge,* 16 Mass. App. Ct. 1011, 1012 n.4 (1983), and cases cited. It may well be that on summary judgment or at trial the original plaintiff will be shown not to have standing, but that conclusion cannot be determined on the basis of the complaint alone.[2] See *Lavere* v. *Board of Zoning Appeals of Syracuse,* 39 A. D. 2d 639 (1972), aff'd, 33 N.Y. 2d 873 (1973). As put by the Connecticut Supreme Court: "[I]t is not possible to extract a precise comprehensive principle which adequately defines the necessary interest which a nonowner must possess in order to have standing to [challenge a variance]. The decisions have not been based primarily on whether a particular applicant could properly be characterized as an optionee or a lessee, but, rather, on whether the applicant was in fact a real party in interest with respect to the subject property. Whether the applicant is in control of the property, whether [she] is in possession or has a present or future right to possession, whether the use applied for is consistent with the applicant's interest in the property, and the extent of the interest of other persons in the same property, are all relevant considerations in making that determination." *Richards* v. *Planning & Zoning Comm. of Wilton,* 170 Conn. 318, 323 (1976).

Applying the standard of *Nader* v. *Citron,* see note 2, *supra,* particularly in a case such as this where "[t]he particular factual nuances of [the] case may require elaboration through . . . development at trial," *id.* at 105, we conclude the motion to dismiss should not have been allowed.

---

[2] Plaintiff filed an affidavit in opposition to the motion to dismiss in which she alleged that she was a seventeen-year resident on the property. We need not pass on the propriety of the affidavit (challenged by the defendant) but consider it only to determine whether it "appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Nader* v. *Citron,* 372 Mass. 96, 98 (1977), quoting from *Conley* v. *Gibson,* 355 U.S. 41, 45-46 (1957).

2. *Motion to amend.* We also are troubled by the denial of the motion to amend. "[A] motion to amend should be allowed unless some good reason appears for denying it." *Castellucci* v. *United States Fid. & Guar. Co.,* 372 Mass. 288, 289 (1977). The reason given by the judge, namely "see action Motion to Dismiss," is not a ground justifying the denial. The fact that the original plaintiff may not have had standing or presumptive standing, see *Marotta* v. *Board of Appeals of Revere,* 336 Mass. 199, 204 (1957), is not a reason for denying an amendment to allow the substitution of parties who have standing. *Rafferty* v. *Sancta Maria Hosp.,* 5 Mass. App. Ct. 624, 626-627 (1977).

No other reason appears in the record to deny the motion to amend, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Castellucci* v. *United States Fid. & Guar. Co.,* 372 Mass. at 290, quoting from *Foman* v. *Davis,* 371 U.S. 178, 182 (1962).

Accordingly, we reverse the judgment and remand the matter to the Superior Court for reinstatement of the original complaint and for reconsideration by the judge of the denial of the motion to amend. In the unlikely event that he should determine on reconsideration that the motion should not be allowed, the judge should record his reasons. See *Castellucci* v. *United States Fid. & Guar. Co.,* 372 Mass. at 291 n.2.

*So ordered.*

*Steven M. Wise* for the plaintiff.
*John F. Doyle* for the defendants.