PAUL M. MELLINGER, administrator,[1] *vs.* TOWN OF
WEST SPRINGFIELD & others.[2]

Hampden.  October 7, 1987. — November 23, 1987.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Municipal Corporations,* Police. *Limitations, Statute of. Survival of Action.*
  *Civil Rights,* Availability of remedy. *Emotional Distress. Practice, Civil,*
  Complaint, Amendment, Service of process, Dismissal. *Massachusetts*
  *Tort Claims Act.*

Claims by the administrator of a decedent's estate against a town and an
  undetermined number of the town's police officers seeking recovery for
  intentional infliction of emotional distress and for the deprivation of his
  decedent's civil rights under 42 U.S.C. § 1983 (1982), arising from the
  suicide-by-hanging of the decedent while confined in a cell in the town's
  police station, were subject to a three-year limitation period, survived
  the decedent's death, and were properly brought by the decedent's ad-
  ministrator, where the State law claim for intentional infliction of emo-
  tional distress was subject to the three-year period accorded by G. L.
  c. 260, § 2A, and where the Federal civil rights claim was, absent a
  specifically stated limitation period in § 1983 and Federal law as to the
  survivability of § 1983 claims, subject to the three-year period accorded
  by G. L. c. 229, § 2, to an action for wrongful death, the analogous
  State cause of action. [191-192]
Where a complaint was filed on October 8, 1985, by the plaintiff, as next
  of kin and heir of a decedent, charging a town and an undetermined
  number of the town's police officers with depriving the decedent of his
  civil rights under 42 U.S.C. § 1983 (1982) while he was confined in a
  cell in the town's police station on October 9, 1982, but service of
  process was not made on any defendant, and where the plaintiff was
  appointed administrator of the decedent's estate on January 31, 1986,

---

[1] Of the estate of Christopher P. Mellinger.

[2] The complaint names as defendants, in addition to the town of West
Springfield, an undetermined number of town police officers identified only
as John Does. The plaintiff indicated at oral argument that the individual
defendants will be served with process on their identification assuming the
plaintiff prevails in this appeal. All arguments by the defense referred to
in this opinion were made by the town.

filed an amended complaint noting his appointment as administrator, and served the amended complaint on the town clerk on February 19, 1986, the amended complaint related back to the date of the filing of the complaint in accordance with Mass. R. Civ. P. 15(c), and consequently, the filing of the original complaint on October 8, 1985, commenced the action within the three-year limitation period; moreover, the plaintiff's failure to serve the complaint for approximately four months after it was filed did not prevent the amendment from relating back and require dismissal, absent a sufficient showing of bad faith by the plaintiff, or prejudice to the defendants. [192-194]

Dismissal of a claim by the administrator of a decedent's estate against a town and an undetermined number of the town's police officers, seeking recovery for the deprivation of the decedent's civil rights under 42 U.S.C. § 1983 (1982), was not required by the plaintiff's serving process on the town clerk rather than serving the town counsel as required by § 6 of G. L. c. 258, the Massachusetts Tort Claims Act. [194-196]

Where a claim by the administrator of a decedent's estate seeking recovery for intentional infliction of emotional distress was brought against an undertermined number of a town's police officers in their individual capacities, the plaintiff was not required to comply with the requirements of G. L. c. 258, the Massachusetts Tort Claims Act. [196]

CIVIL ACTION commenced in the Superior Court Department on October 8, 1985.

The case was heard by *William H. Welch,* J., on a motion to dismiss.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Harold Resnic* for the plaintiff.

*James T. Donahue,* Town Counsel, for the defendants.

HENNESSEY, C.J. The plaintiff, Paul M. Mellinger, administrator of the estate of Christopher P. Mellinger, appeals from a summary dismissal of his claims under 42 U.S.C. § 1983 (1982), and for intentional infliction of emotional distress brought against the town of West Springfield (town) and a number of unidentified West Springfield police officers. A judge in the Superior Court ruled that the claims are barred by the statute of limitations and by the plaintiff's failure to follow the procedural requirements of the Massachusetts Tort Claims Act. G. L. c. 258 (1986 ed.). We transferred the case to this court on our own motion. We conclude that the action was timely filed and that the plaintiff is not required to follow c. 258,

§ 6, in pursuing his § 1983 claim against the town. Further, we hold that the plaintiff is not required to follow c. 258, § 6, in pursuing the § 1983 and intentional tort claims against the individual officers. Therefore, we vacate the Superior Court judgment, except in so far as it dismisses the intentional tort claim against the town, which is barred by c. 258, § 10, and remand for a trial on the merits.

The complaint alleges that Christopher P. Mellinger was arrested by West Springfield police officers on October 9, 1982, that they left him unattended in a cell at the town police station despite knowing of his suicidal tendencies, and that Christopher committed suicide by hanging while in the cell. The complaint was filed on October 8, 1985, naming as plaintiff, Paul M. Mellinger, as next of kin and heir of Christopher, charging the town and officers with depriving Christopher of "rights, privileges, and immunities secured to him by the Fourteenth Amendment to the Constitution of the United States and the laws of the United States." The complaint sought redress through the right of action granted by § 1983. The plaintiff did not serve this complaint on any defendant.

The plaintiff petitioned for appointment as administrator of Christopher's estate, and was appointed on January 31, 1986. On February 13, 1986, the plaintiff filed an amended complaint noting his appointment as administrator, restating the § 1983 count, and adding a count for the defendants' intentional infliction of emotional distress on Christopher. This amended complaint was served on the town clerk on February 19, 1986.

On August 28, 1986, the town moved to dismiss for the plaintiff's failure to follow G. L. c. 258, § 6, which requires service of process on the town counsel for negligence actions against municipalities. On September 17, 1986, the town filed a second motion to dismiss. This motion claimed that the action was not prosecuted by the proper party as required by Mass. R. Civ. P. 17, 365 Mass. 763 (1974), because the complaint was filed on October 8, 1985, and Paul M. Mellinger was not named administrator of Christopher's estate until January 31, 1986. The town also stated in this motion that the statute of limitations had expired almost four months prior to Mellinger's appointment.

A judge in the Superior Court allowed the town's motion to dismiss. The judge first determined that the plaintiff's claims are subject to a three-year statute of limitations. The judge rejected the plaintiff's claim that the amendment naming Paul M. Mellinger, administrator, as the plaintiff related back to the complaint under Mass. R. Civ. P. 15 (c), 365 Mass. 761 (1974), and that the complaint tolled the statute of limitations. The judge ruled that, because the complaint was not filed by the representative of Christopher's estate within the limitation period, there was no "viable legitimate claim which [could be] amended." The judge concluded that, because the amendment was filed beyond the limitation period, both counts of the complaint were barred. The judge also ruled that § 1983 claims are subject to the Massachusetts Tort Claims Act procedures, and that failure to follow these procedures was fatal to the plaintiff's claims.[3]

We conclude that the plaintiff's action is neither time-barred nor barred by the plaintiff's failure to comply with c. 258.

1. *The Statute of Limitations Defense.*

A three-year limitation period applies to the plaintiff's claims in tort for intentional infliction of emotional distress. G. L. c. 260, § 2A (1986 ed.). Determining the limitation period of the plaintiff's § 1983 claims is more involved. Section 1983, like many other Federal laws, contains no specifically stated statute of limitations. In such circumstances, the Supreme Court has ruled that "the controlling period [is] the most appropriate one provided by state law." *Johnson* v. *Railway Express Agency, Inc.,* 421 U.S. 454, 462 (1975). *Regents of the Univ. of N.Y.* v. *Tomanio,* 446 U.S. 478, 483-484 (1980) (Court notes § 1983's lack of limitation period and practice of borrowing State period governing analogous cause of action). In our case the analogous cause of action is found in G. L. c. 229, § 2 (1986 ed.), the wrongful death statute. This statute provides for a three-year limitation period. All of the plaintiff's claims,

---

[3] The judge also stated that public employees are immune from suit for intentional torts. G. L. c. 258, § 10.

therefore, are subject to a three-year limitation period, as the judge found.[4]

The intentional infliction of emotional distress claims survive the decedent and are properly brought by the administrator of his estate. *Harrison* v. *Loyal Protective Life Ins. Co.,* 379 Mass. 212, 219 (1979). G. L. c. 260, § 10. Determining whether the § 1983 claims survive, like determining its limitation period, is more involved.

Where a Federal law lacks a statute of limitations, the courts have borrowed the analogous State limitation period as noted above. Similarly, where Federal law lacks other provisions necessary to remedy civil rights violations, 42 U.S.C. § 1988 (1982) provides for reference to State law in so far as that law is not inconsistent with Federal law. See, e.g., *Robertson* v. *Wegmann,* 436 U.S. 584, 588 (1978); *Bell* v. *Milwaukee,* 746 F.2d 1205, 1234 (7th Cir. 1984). Since Federal law is silent on the survivability of § 1983 actions, reference is again made to G. L. c. 229, § 2, as the State law most directly related to the circumstances of this case. *Bibbo* v. *Mulhern,* 621 F. Supp. 1018, 1024-1025 (D. Mass. 1985). See *Robertson, supra* at 589-590; *Bell, supra.* Under c. 229, § 2, Christopher's § 1983 claim survives his death and is properly brought by his administrator. *Bibbo, supra* at 1025. Cf. *Miga* v. *Holyoke,* 398 Mass. 343 (1986).

Having determined that the claims in this case are subject to a three-year limitation period, and are properly brought by the administrator of Christopher's estate, we must now determine whether they were indeed timely filed and properly brought. This depends on whether the amendment relates back to the date of the filing of the complaint.

Rule 15 (a) of the Massachusetts Rules of Civil Procedure, 365 Mass. 761 (1974), provides that a party can amend its complaint once as a matter of right prior to the filing of a responsive pleading by the opposing party. Once such an

---

[4] We do not address the plaintiff's contention made at oral argument, but not raised below, that G. L. c. 260, § 10 (1986 ed.), gives him two years from the time of his appointment as administrator to commence this action.

amendment is made, rule 15 (c) provides that it shall relate back to the filing of the complaint. Thus, by the plain language of rule 15 the plaintiff's action here was timely filed and properly brought. The filing of the original complaint on October 8, 1985, commenced the action within the three-year limitation period. Mass. R. Civ. P. 3, as amended, 385 Mass. 1213 (1982). The amendment, filed before any responsive pleading by the town and therefore as of right, related back and, by substituting the administrator as plaintiff, cured any technical defect in the complaint.

The conclusion that the amendment relates back is supported by this court's practice before rule 15 was adopted concerning relation back of amendments. See *Wadsworth* v. *Boston Gas Co.,* 352 Mass. 86, 88 (1967) (running of limitation period does not prevent amendment to add party). As we have noted, "[e]ven a jurisdictional defect may sometimes be cured by amendment . . . ." *Litton Business Syss., Inc.* v. *Commissioner of Revenue,* 383 Mass. 619, 622 (1981). *Quimby* v. *Zoning Bd. of Appeals of Arlington,* 19 Mass. App. Ct. 1005, 1007 (1985) (motion to substitute parties with standing should be allowed unless some good reason appears for denying it). We disagree with the judge's reasoning. That the complaint was not filed in the proper party's name and the limitation period has since expired does not mean that there is no viable action to which a proper amendment may relate back.

In reaching our conclusion, we reject the town's claim that the plaintiff's failure to serve the complaint should prevent the amendment from relating back and require dismissal. The town has not made a sufficient showing of bad faith by the plaintiff, or prejudice to itself, necessary to support such a view. Mere passage of time, without more, does not require dismissal, and lengthy periods between filing and service have been allowed. See, e.g., *Ahern* v. *Warner,* 16 Mass. App. Ct. 223, 228 (1983) (twenty-two month delay); *School Comm. of Holyoke* v. *Duprey,* 8 Mass. App. Ct. 58, 60-62 (1979) (seven-month delay). Here there was service approximately four months after the complaint was filed.

The only possible prejudice to the town from the plaintiff's delay in service is the chance that, had the complaint been served immediately, the town might have made a successful rule 17 motion alleging failure to prosecute in the name of the proper party. This is not a persuasive proposition. As the Appeals Court has noted in the context of a rule 17 motion, in the absence of unfair surprise or prejudice there is reluctance "to dismiss an action because of a possible technical defect in pleading . . . particularly where . . . there is ample reason to view the named plaintiff as the real party in interest" (citations omitted). *Henderson* v. *D'Annolfo,* 15 Mass. App. Ct. 413, 428 (1983). In such circumstances, the reason for the rule — assuring that the defendant will face only one proper action — is absent. *Massachusetts Ass'n of Independent Ins. Agents & Brokers, Inc.* v. *Commissioner of Ins.,* 373 Mass. 290, 297 (1977).

Showing that one was denied the opportunity to make a motion of doubtful efficacy falls short of showing the prejudice necessary to support a dismissal for failure to serve timely process. Moreover, such a showing would not overcome the plain language of rule 15 and the traditional practice of this court. The amendment relates back and so this action was timely filed.

2. *The Defense of Noncompliance with G. L. c. 258, § 6.*

The judge also ruled that the § 1983 claims should be dismissed because the plaintiff failed to comply with the procedural requirements of G. L. c. 258. Instead of serving the town counsel as required by c. 258, § 6, the plaintiff served the town clerk.[5] The town relies on a number of cases holding that

---

[5] Even if we were to hold (which we do not) that the service of process requirement of c. 258, § 6, applies to § 1983 actions, failure to serve process on the town counsel might well be curable in light of our service of process analysis in part one of this opinion. This is in contrast to a failure by a plaintiff to make a seasonable presentment of claim to the appropriate official as required by c. 258, § 4. Such failure to make seasonable presentment has led to dismissal even in the absence of prejudice to the defendant. *Weaver* v. *Commonwealth,* 387 Mass. 43, 49 (1982). The town did not rely on the plaintiff's noncompliance with c. 258, § 4, in its motion below or its brief to this court, although the judge's ruling made reference to that section. We do not intimate that the town would have been successful if it had raised noncompliance with § 4.

§ 1983 actions are subject to State tort claims act requirements. See, e.g, *Indiana Dep't of Pub. Welfare* v. *Clark,* 478 N.E.2d 699 (Ind. Ct. App. 1985), cert. denied, 476 U.S. 1170 (1986); *Felder* v. *Casey,* 139 Wis. 614 (1987). The reasoning of these cases appears to be that, under the Tenth Amendment to the Constitution of the United States, States can require that plaintiffs bringing § 1983 actions in State court comply with State tort claims act procedures, *Felder, supra* at 623, 625, and that § 1983 actions are best characterized as tort actions, *Wilson* v. *Garcia,* 471 U.S. 261, 276 (1985), and therefore the State tort claims act logically applies. *Clark, supra* at 702. We reject the approach of these cases, and decline to require the plaintiff to follow c. 258's service of process requirement for two reasons. First, as noted earlier, § 1983 requires reference to State law only when Federal law, including § 1983, is deficient in the provisions necessary to remedy civil rights violations. The only sense that § 1983 is deficient here is that it does not specify a method of service of process on the town. The plaintiff followed Mass. R. Civ. P. 4 (d) (4), 365 Mass. 733 (1974), under which process is served "[u]pon a . . . town . . . subject to suit, by delivering a copy of the summons and of the complaint to the treasurer or the clerk thereof." We note that here the town is "subject to suit" by § 1983, not by c. 258. Service on the town clerk is, therefore, proper.

Our second reason for not requiring § 1983 claimants in Massachusetts courts to follow c. 258's service of process requirement turns on the distinction between what Massachusetts can require and what it has required. Assuming, arguendo, that Massachusetts has the power under the Tenth Amendment to require plaintiffs bringing § 1983 actions in Massachusetts courts to follow certain procedures, there is no evidence that the Legislature has done so in enacting c. 258. In fact, the Legislature's language indicates that the service of process requirements of c. 258, § 6, are limited to actions under c. 258.[6] Chapter 258 addresses itself to State governmental liability

---

[6] General Laws c. 258, § 6, states that "[t]he public attorney shall defend all *civil actions brought . . . pursuant to this chapter.* Service of process

for torts, not for constitutional deprivations. In the absence of a clear legislative statement that § 1983 claimants must comply with c. 258's service of process procedure, this court will not impute such a requirement.

3. *The Intentional Infliction of Emotional Distress Claim.*

Because normally the town cannot be held liable for intentional torts, *Spring* v. *Geriatric Auth. of Holyoke,* 394 Mass. 274, 284-286 (1985); G. L. c. 258, § 10, the intentional infliction of emotional distress claim was properly dismissed as to the town. The officers, however, are amenable to this intentional tort claim in their individual capacities. *Spring, supra* at 286 n.9. Because the officers are being sued on this count in their individual capacities, the plaintiff need not comply with c. 258.

The judgment of the Superior Court is vacated, except in so far as it dismissed the intentional infliction of emotional distress claim against the town, and this case is remanded to the Superior Court for further proceedings on the plaintiff's remaining claims.

*So ordered.*

for *such civil action* shall be made upon the public attorney or . . . the executive officer . . . " (emphasis added). Cf. G. L. c. 258, § 4 (1986 ed.) ("A civil action shall not be instituted . . . *under this chapter* unless the claimant shall have first presented his claim . . .") (emphasis added).