Toomey, J.
This is a wrongful death action against defendants Peter H. Levine, M.D. and Doreen Brettler, M.D. arising out of the care and treatment rendered to the decedent, David MacKay, in connection with his hemophiliac condition. Kathryn Seward MacKay is pursuing the action as administratrix of the Estate of David MacKay. The defendants now move to dismiss the plaintiffs claims in their entirety, asserting that the plaintiff has no legal capacity to bring this wrongful death suit in the Commonwealth of Massachusetts. On October 26, 2000, the Court, acting under the authority of Mass.R.Civ.P. 12(b), converted the motion to dismiss into a motion for summary judgment and the parties were invited to supplement the record. For reasons stated below, the defendants’ motion for summary judgment is DENIED.

BACKGROUND

The decedent, David MacKay was a hemophilia patient who treated with defendant Dr. David Levine in October 1981, and later with defendant Dr. Doreen Brettler. In October 1986, Mr. MacKay and his wife, plaintiff Kathryn Seward MacKay, learned that Mr. MacKay had been infected with HIV and Hepatitis as a result of the factor concentrate blood transfusion administered to him by the defendants. Mr. MacKay died on June 21, 1997, allegedly from complications relating to Acquired Immune Deficiency Syndrome (AIDS), to wit, cardiorespiratory failure, peripheral circulatory collapse, portal hypertension and hepatitis cirrhosis. The decedent and the plaintiff were residents of the State of New Hampshire. At all pertinent times, the defendants maintained their offices and practices at the UMass Memorial Medical Center in Worcester, Massachusetts.
The plaintiff was appointed, in the State of New Hampshire, administratrix of the estate of her deceased husband on October 22, 1997; she filed this Massachusetts wrongful death action on June 16, 2000. Service was accepted by defendants’ counsel on behalf of their respective clients on September 6, 2000 and the defendants jointly filed a motion to dismiss on September 27, 2000. On November 3, 2000, the plaintiff filed a certified copy of the Worcester Probate Court docket sheet, confirming the plaintiff s ancillary filing in Massachusetts of her New Hampshire appointment as. administratrix.

DISCUSSION

Summary judgment will be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat'l. Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that it is entitled to judgment in its favor. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat the motion for summary judgment.” Pedersen, 404 Mass. at 17. Applying those principles to the motion at bar, this Court finds that there is no dispute as to the material facts pertinent to the instant dispute and the question as to plaintiffs capacity to bring suit can be decided as a matter of law.
Defendants argue that the plaintiff, the duly appointed administratrix of MacKay’s estate in the State of New Hampshire, failed to obtain ancillary powers as *553 administratrix in the Commonwealth of Massachusetts pursuant to G.L.c. 199A, §5, prior to filing the suit at bar. As a result, defendants assert, the plaintiff did not have the legal capacity to bring this wrongful death suit in Massachusetts. Defendants also contend that, because the plaintiffs curative effort — to wit, filing a Massachusetts ancillary administration — is, in the circumstances, incapable of effecting a relation-back, she is barred by the statute of limitations from bringing this action.
In support of their motion, the defendants cite the case of Bohl v. Lelbowitz, 1 F.Sup.2d 67 (D.Mass. 1988). In Bohl, the defendant moved for partial summary judgment on the grounds that the plaintiff, a duly appointed executrix of the estate in the state of Vermont, had not filed, pursuant to G.L.c. 199A, §5, an ancillary administration in the Commonwealth prior to filing suit. The court reviewed the "ancient rule of law” that prohibits a foreign executor or administrator from bringing suit in Massachusetts on behalf of the foreign estate, id. at 69, citing Brown v. Boston & M.R. Co., 283 Mass. 192 (1933), but noted that the rule had been eroded by the Omnibus Probate Act, St. 1976, c. 515, §22. While the court acknowledged the continued existence of the general rule, albeit diluted by subsequent legislation, Bohl is hardly supportive of the defendants’ argument. That court concluded that, although the curative step respecting the plaintiffs ancillary appointment was taken after the defendant filed the motion for summary judgment, that step remedied the defect and the ancillary administration should be treated as if it were in force at the time of the original complaint. Id. at 72.
The plaintiff notes that the Supreme Judicial Court has previously permitted the employment of the relation-back device in a wrongful death lawsuit in which the plaintiff was not appointed as the administrator of the estate until four months after the original complaint was filed, and after the statute of limitations would have expired if no complaint had been filed. See Mellinger v. West Springfield, 401 Mass. 188 (1987). "That the complaint was not filed in the proper party’s name and the limitation period has since expired does not mean that there is no viable action to which a proper amendment may relate back.” Id. at 193. In the absence of unfair surprise or prejudice, the courts are reluctant “to dismiss an action because of a possible technical defect in pleading . . . particularly where . . . there is ample reason to view the named plaintiff as the real party in interest.” Id. at 194, quoting Henderson v. D'Annolfo, 15 Mass.App.Ct. 413, 428 (1983).
The law certainly does seek to assure that a defendant will be required to face only one action, but the concern that the defendants at bar will be called upon to mount multiple defenses is wholly absent from this suit. The plaintiff has cured the technical defect in her status, the defendants have had adequate notice of the identity of the proper party-plaintiff and the defendants will not be burdened with parrying thrusts from diverse directions. Defendants need not fear an onslaught of numerous plaintiffs seeking recovery on account of decedent’s demise. See Mellinger, supra at 194.
The defendants attempt to distinguish Mellinger on its facts, arguing that the amendment and relation-back was permitted in that case because they occurred prior to the defendant’s receiving service. The Mellinger court’s opinion, however, demonstrated its willingness to allow a technical defect to be cured and to permit the amended filing to relate back whenever prejudice to defendants is not a consequence. This Court will be guided by the reasoning of Mellinger and Bohl.
In sum, the instant complaint, amended with the plaintiffs ancillary administration on November 3, 2000, relates back to the original filing of the complaint, which filing was within the three-year statute of limitations for wrongful death actions. This court, therefore, concludes, as a matter of law, that the plaintiff possesses the legal capacity to bring this wrongful death action in Massachusetts.

ORDER

It is hereby ORDERED that defendants’ motion for summary judgment is DENIED.