Cosgrove, Robert C., J.
At issue in this Motion to Dismiss pursuant to Mass.R.Civ.P. 12(b)(6) are (1) whether the plaintiff, Chloe Cebek (“Cebek”), had the capacity to bring and maintain the present suit, and if not, whether her lack of capacity may be cured; and (2) whether she properly complied with the presentment of claim requirement of G.L.c. 258, §4. The court held a hearing on the motion on February 8, 2012. On February 23, 2012, the court entered an order notifying the parties of its intent to treat the Commonwealth Defendants’[2] motion as a motion for summary judgments and affording them an opportunity to supplement their filings accordingly. After review, the Commonwealth Defendants’ Motion to Dismiss, treated herein as a motion for summary judgment, is denied.
The Complaint alleges that on or about May 31, 2008, Richard Cebek (“the decedent”) died while in the custody of the Franklin County Sheriffs Office, and that his death was a result of the defendants’ negligence and deliberate indifference.
The decedent’s oldest child, Chloe Cebek, was appointed administrator of his estate in the jurisdiction of his domicile, the state of New York. She did not, however, seek appointment as an ancillary administrator in Massachusetts. See G.L.c. 199A, §§5, 6. On May 26, 2010, counsel for the decedent’s estate served a notice and presentment letter on the Franklin County Sheriffs Office and the Attorney General. The plaintiff filed suit in this court on May 25, 2011. She did not allege that she had been appointed ancillary administrator.
On August 22, 2011, the defendants served the instant motion to dismiss on the plaintiff. Four days later, the Suffolk Probate Court approved Cebek’s ancillary appointment in Massachusetts.
Discussion
Summary judgment is properly allowed where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassessov. Comm’rof *101 Corr., 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
1. Capacity to Maintain Suit
In Massachusetts, a wrongful death claim can only be maintained by a decedent’s executor or administrator. MacDonald v. Moore, 358 Mass. 801, 801 (1970). The Commonwealth Defendants argue that because, at the time she brought the suit, Cebek was a foreign administrator who had not obtained ancillary appointment in Massachusetts pursuant to G.L.c. 199A, §5, she cannot maintain this action. They point to a line of cases holding that an administrator’s appointment in a foreign state does not authorize her to maintain suit within the Commonwealth. Brown v. Commonwealth, 283 Mass. 192, 195 (1933); Langdon v. Potter, 11 Mass. 313, 314 (1814). But see Saporita v. Litner, 371 Mass. 607, 615 (1976) (observing that “the rule has not been rigidly applied”).
Under Massachusetts rules of pleading, “it is not necessary to aver the capacity of a party to sue ... or the authority of a party to sue ... in a representative capacity.” Mass.R.Civ.P. 9(a). Rather, one contesting a party’s capacity to sue “shall do so by specific negative averment.” Id. The Commonwealth Defendants have done this with their Motion to Dismiss, thus placing the issue of plaintiffs capacity to sue squarely before this court.
In Mellinger v. West Springfield, 401 Mass. 188 (1987), a plaintiff, describing himself as next of kin and heir of his late brother, filed a complaint against the Town of West Springfield and certain of its officers under 42 U.S.C. §1983. Subsequently, the plaintiff was appointed administrator of his brother’s estate and filed an amended complaint noting his appointment. Id. at 189-90. The Supreme Judicial Court held that the amendment, pursuant to Mass.R.Civ.P. 15(c), “filed before any responsive pleading by the town and therefore as of right, related back and, by substituting the administrator as plaintiff, cured any technical defect in the complaint.” Id. at 193.
The Commonwealth Defendants point out that here, unlike in MeRinger, the plaintiff did not amend her complaint prior to the filing of a responsive pleading, or even prior to the dismissal hearing; rather, she filed documentation of her eventual appointment as ancillary administratrix only in response to their motion to dismiss. That distinction is not dispositive. I agree with Judge Daniel Toomey that “[i]n the absence of unfair surprise or prejudice,” this court should be “reluctant ‘to dismiss an action because of a possible technical defect in pleading . . . particularly where ... there is ample reason to view the named plaintiff as the real party in interest. [Mellinger, 402 Mass.] at 194, quoting Henderson v. D'Annolfo, 15 Mass.App.Ct. 413, 428 (1983).” Mackay v. Levine, 2001 WL 171296 [12 Mass. L. Rptr. 552] (Mass.Super. 2001). See Bohl v. Leibowitz, 1 F.Sup.2d 67, 72 (D.Mass. 1988) (“The fact that the curative step respecting Plaintiffs ancillary appointment was taken only after Defendant filed his motion for summary judgment is of no moment”). Accordingly, I find that the plaintiff has appropriately cured her lack of capacity and decline to grant the motion to dismiss on such grounds.
2. Compliance with the Presentment Requirement
G.L.c. 258, §4, provides, in pertinent part, that “[a] civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose . . .” The Commonwealth Defendants posit that a “ ‘claimant’ refers to a person making a legal ‘claim’ for possible resolution within the designated statutory period,” and that because Cebek, at the time she tendered her claim in writing, was not appointed ancillary administrator, she could not have been a “claimant” within the meaning of the statute. See Estate of Gavin v. Tewksbury State Hospital, (MICV2011-00956), slip op. at 3-4 (Mass.Super.Ct. November 11, 2011) (Inge, J.).
A “claimant,” in the word’s most basic sense, is simply one who makes a claim. “Claim” is not necessarily a legal term of art, but even when used in a legal context, has a broad range of meanings.[3]1 see nothing in the statute that requires the court to construe the word “claimant” in the more narrow sense urged by the defendants. I agree with the plaintiff that “[i]n the real world private and public sector parties, or their insurers, routinely accept presentment and negotiation with claimants who have yet to perfect their capacity to represent decedents.”
The Appeals Court has explained that “[presentment ensures that the responsible public official receives notice of the claim so that that official can investigate to determine whether or not a claim is valid, preclude payment of inflated or nonmeritorious claims, settle valid claims expeditiously, and take steps to ensure that similar claims will not be brought in the future.” Lodge v. District Attorney for the Suffolk Dist., 21 Mass.App.Ct. 277, 283 (1985). Ordinarily, presentment must be made “in strict compliance with the statute.” Weaver v. Commonwealth, 387 Mass. 43, 47 (1982); Lodge, 21 Mass.App.Ct. at 284.
The appellate courts of the Commonwealth have enforced “strict compliance” in several respects. First, notice must go to the proper public official; accordingly, “notice to the executive officer will not be inferred or imputed from the fact that others with responsibility for investigation and settlement of the dispute received the plaintiffs presentment letter and were in contact with the plaintiff.” Bellanti v. Boston *102 Public Health Com’n, 70 Mass.App.Ct. 401, 446 (2007), citing Garcia v. Essex County Sheriff’s Dept., 65 Mass.App.Ct. 104, 108 (2005); Holahan v. Medford, 394 Mass. 186, 189 (1985). The Commonwealth Defendants do not dispute that the proper public official duly and timely received the plaintiffs presentment letter.
Second, the content of the notice must be sufficient: a “ ‘presentment letter should be precise in identifying the legal basis of a plaintiffs claim’ and must ‘not [be] so obscure that educated public officials . . . find themselves baffled or misled with respect to [whether] a claim’ is being asserted ‘which constitutes a proper subject for suit’ under G.L.c. 258.” Martin v. Commonwealth, 53 Mass.App.Ct. 526, 529 (2002), quoting Gilmore v. Commonwealth, 417 Mass. 718, 723 (1994). However, “the ‘strict compliance’ precept is concerned more with whether presentment has been made to the proper executive officer (proper party noticed) in a timely fashion (timeliness) than with the content of the presentment (adequacy of content).” Martin, 53 Mass.App.Ct. at 528. In any event, the Commonwealth Defendants point to no deficiency or obscurity within the plaintiffs presentment letter.
Instead, the Commonwealth Defendants suggest that the suit should be dismissed because “absent ancillary appointment, the Commonwealth cannot know whether the presentment made by a foreign administrator constitutes a valid claim.” As previously noted, the purpose of the presentment requirement is to enable the appropriate official to “investigate to determine whether or not a claim is valid.” Lodge, 21 Mass.App.Ct. at 283, emphasis added. If, upon investigating, the appropriate official is not satisfied with a claimant’s authority to settle a claim, he may withhold settlement or refuse to negotiate until satisfied. The presentment statute contains enough technical pitfalls for the unwary without this court judicially importing more.[4]
Order
The Commonwealth Defendants’ Motion to Dismiss, treated as a motion for summary judgment, is denied.

 By “Commonwealth Defendants” the court refers to Commonwealth of Massachusetts, Jon A. Goodell, Michael A. Perry, Christopher K. Hart, and Michael K. Aiken (collectively, the Correctional Staff).

 “claim, n. 1. The aggregate of operative facts giving rise to a right enforceable by a court ... 2. The assertion of an existing right; any right to payment or to an equitable remedy, even if contingent or provisional... 3. A demand for money or property to which one asserts a right... 4. An interest or remedy recognized at law; the means by which one can obtain a privilege, possession or enjoyment of a right or thing.” Black’s Law Dictionary 240 (7th ed. 1999) (emphasis supplied).

 As the defendants point out, the relation back principle does not apply to the presentment statute. Weaver v. Commonwealth, 387 Mass. at 48. Because I hold that a claimant need not be appointed an executor or administrator at the time of a presentment, the defendants’ relation back argument is irrelevant to the case at bar.