NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-149

SHONA PENDSE

vs.

BOYLSTON BROOKLINE LLC & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Shona Pendse, appeals from a decision of a single justice of this court affirming an order of a Land Court judge that awarded attorney's fees and costs to defendant Boylston Brookline LLC, pursuant to G. L. c. 231, § 6F (§ 6F). Concluding that that the plaintiff's arguments as to her standing were not frivolous, we reverse the order of the single justice and direct the entry of an order denying attorney's fees and costs.

Pursuant to § 6F, a party is entitled to attorney's fees and costs if there is "a separate and distinct finding[] that all or substantially all of the claims, . . . made by any party

---

[1] Zoning Board of Appeals of Brookline.

who was represented by counsel during most or all of the proceeding, were wholly insubstantial, frivolous and not advanced in good faith."  G. L. c. 231, § 6F.  A single justice of this court hears an appeal from a party aggrieved by a trial judge's § 6F decision.  G. L. c. 231, § 6G.  Appellate review of a single justice's decision is of "extremely limited scope."  Danger Records, Inc. v. Berger, 444 Mass. 1, 11 (2005).  The single justice does not make an independent determination of the facts, but rather relies on "the subsidiary facts as found by the trial judge" (citation omitted).  Id. at 9.  On appeal, we are bound by "the underlying factual findings adopted and accepted by the single justice" and we treat those facts "as 'final.'"  Id. at 12-13.  As such, "we review the single justice's decision only for abuse of discretion or other error of law."  Fronk v. Fowler, 456 Mass. 317, 328 (2010).

As set forth by the trial judge, in May 2019, the zoning board of appeals of Brookline (zoning board) granted Boylston Brookline LLC special permits to construct residential townhouses and maintain an existing historic house on otherwise vacant land.  Abutting the development site is a parcel of land, 617 Boylston Street, which is improved with a residential dwelling (residence).  After learning of the special permits, BoylstonD3 LLC, the owner of 617 Boylston Street, appealed by filing a complaint with the Land Court, asserting that the

2

zoning board exceeded its authority in granting the special permits. The complaint was subsequently amended to add Pendse as a plaintiff. Therein, Pendse claimed to be "a person aggrieved by the [zoning board's] decision." She asserted that she "is an abutter to the [development site] and thus is a party in interest pursuant to G. L. c. 40A, § 11." Pendse further asserted she "is an owner of 617 Boylston Street which is her permanent residence."

A judge of the Land Court upheld the zoning board's decision to grant special permits. As to Pendse, the judge first reviewed her testimony that BoylstonD3 LLC conveyed 617 Boylston Street to Pendse, "individually together with" the LLC, after the lawsuit commenced. The judge viewed that conveyance as Pendse's attempt to "manufacture presumptive abutter status." The judge reasoned that "[a]lthough Pendse was the manager of [BoylstonD3 LLC] at the time of the permitting and issuance of the [zoning board's decision]," she "did not hold an individual interest in 617 Boylston Street" because "her interest in the property was only that of one [of] the members of the LLC, together with the other members." As such, the judge determined that Pendse's interest was "insufficient to establish standing." The judge acknowledged that the evidence established Pendse and her children "were the primary beneficial occupants of the residence on 617 Boylston Street," but noted that there was

3

insufficient evidence as to Pendse's financial contributions to 617 Boylston Street. Thus, the judge concluded that Pendse's equitable interest in the residence alone was "insufficient to establish presumptive standing."

As a result, Boylston Brookline LLC moved for attorney's fees and costs pursuant to § 6F. The Land Court judge determined that "all or substantially all of Pendse's claims [as to standing] were wholly insubstantial, frivolous, and not advanced in good faith" and ordered Pendse to pay attorney's fees to Boylston Brookline LLC in the amount of $95,583.15, which equaled roughly thirty percent of Boylston Brookline LLC's fees in defending the case. Pendse timely appealed the finding and award of fees. A single justice of this court affirmed the Land Court judge's order.

On appeal, Pendse asserts that she had standing as an abutter and a person aggrieved by the zoning board's decision, and thus it was error for the single justice to affirm that her claim was frivolous.[2] In support, Pendse maintains that she "had a right to live in the [residence] indefinitely since she was

_____

[2] We note that Pendse's brief alleges that the Land Court judge erred in her frivolousness determination. Because we review only the decision of the single justice, who makes "her own ultimate conclusions as to the merits of a fee award," Danger Records, Inc., 444 Mass. at 9, we have summarized Pendse's argument accordingly.

4

the managing member of the deed holding LLC and she had provided 85% of the [$2.1 million] to purchase the [residence]."  Pendse also asserts that she had possession of the residence because "she had lived at the property with her 3 children since the year before the zoning board's decision."  Further, Pendse asserts that "she would ultimately be effected financially and in her day-to-day living by the proposed development."  Finally, Pendse asserts that her claim to standing was not frivolous because sixteen of her seventeen "claims" -- that is, her arguments to overturn the zoning board's decision -- were identical to BoylstonD3 LLC's, which the judge determined to not be frivolous.[3]  We agree and conclude that the single justice's order affirming attorney's fees to Brookline Boylston LLC was incorrect as a matter of law.

Pursuant to G. L. c. 40A, § 17, "only a 'person aggrieved' has standing to challenge a decision of a zoning board of appeals."  81 Spooner Rd., LLC v. Zoning Bd. of Appeals of Brookline, 461 Mass. 692, 700 (2012), citing G. L. c. 40A, § 17.

---

[3] The Land Court judge determined that BoylstonD3 LLC's sixteen "claims, although unsuccessful at trial, were properly founded in the facts and law."  Pendse maintains that she made seventeen claims in her complaint, sixteen of which were the same as BoylstonD3 LLC's claims.  Accordingly, Pendse asserts that the Land Court judge's determination that "all or substantially all" of her claims were frivolous is inaccurate because her claim to standing was "identical" to BoylstonD3 LLC's.

5

To be aggrieved, a person "must assert a plausible claim of a definite violation of a private right, a private property interest, or a private legal interest" (quotation and citation omitted). Kenner v. Zoning Bd. of Appeals of Chatham, 459 Mass. 115, 120 (2011). "Abutters are entitled to a rebuttable presumption that they are 'aggrieved' persons . . . and, therefore, have standing to challenge a decision of a zoning board of appeals" (citation omitted). 81 Spooner Rd., LLC, supra. As for a tenant or a long-time resident, standing "with respect to zoning variances is somewhat mixed" (citation omitted) and we look to "whether the applicant was in fact a real party in interest with respect to the subject property."[4] Quimby v. Zoning Bd. of Appeals of Arlington, 19 Mass. App. Ct. 1005, 1006 (1985). Relevant considerations include "[w]ether the applicant is in control of the property [and] whether [she] is in possession or has a present or future right to possession." Id.

Here, Pendse had at least a nonfrivolous argument that she was a real party in interest with respect to 617 Boylston Street and was therefore entitled to presumptive standing as an abutter to challenge the zoning board's award of special permits.

---

[4] We note that the zoning board granted special permits in this matter and not variances; however, the rationale from Quimby, 19 Mass. App. Ct at 1006, still applies.

6

Pendse was the sole manager of BoylstonD3 LLC and a resident of 617 Boylston Street.[5]  See Quimby, 19 Mass. App. Ct. at 1006. Pendse was a long-time resident.  See id.  Pendse was in control of the residence on the property abutting the development site and had a right to possession of it.  See id.  The judge's findings confirmed that Pendse "is an individual residing at [the property] with her children."[6]  Further, Pendse was the sole manager of BoylstonD3 LLC "at the time the [zoning board decision] was issued, and when this case was initiated."  See Denneny v. Zoning Bd. of Appeals of Seekonk, 59 Mass. App. Ct. 208, 215 (2003) ("Individual or corporate property owners acquire standing by asserting a plausible claim of a definitive violation of a . . . private property interest" [citation omitted]).

"A claim is frivolous if there is an absence of legal or factual basis for the claim, and if the claim is without even a colorable basis in law" (citations and quotations omitted). Fronk, 456 Mass. at 329.  We evaluate a claim "from the time [it] was brought and over the course of the litigation."  Id.

---

[5] There is no dispute that BoylstonD3 LLC also had presumptive standing to challenge the special permits as an abutter to the development site.  See 81 Spooner Rd., LLC, 461 Mass. at 700.

[6] The judge, however, was unable to confirm Pendse's financial contributions to the residence.

While we understand the Land Court judge's frustration with Pendse's actions undertaken to "manufacture" standing, those ill-conceived and ill-advised actions were entirely unnecessary, as Pendse already qualified as a real party in interest with respect to 617 Boylston Street.[7]  Thus, from the outset, Pendse had a nonfrivolous claim to presumptive standing as an abutter. Furthermore, Pendse claimed that she was harmed by (1) violations of the Brookline zoning code related to density and (2) an anticipated diminution in her property's value.  As noted above, Pendse was the principal of BoylstonD3 LLC and BoylstonD3 LLC presented multiple arguments of aggrievement that the judge found were not frivolous, even though they did not ultimately prevail.  Pendse was also a proponent of those nonfrivolous arguments.

Thus, although Pendse also presented testimony and argument that the judge found to be frivolous, it was not the case that "all or substantially all" of Pendse's arguments were frivolous, and attorney's fees should not have been awarded pursuant to § 6F.  In conclusion, the order of the single justice affirming the Land Court judge's § 6F order is reversed, and a new order

---

[7] For example, the Land Court judge took issue with the fact that Pendse attempted to gain an individual interest in 617 Boylston Street on the same day that the complaint was filed.

shall enter reversing the order of the Land Court awarding attorney's fees and costs to the defendant.[8]

So ordered.

By the Court (Massing,
  Englander & D'Angelo, JJ.[9]),

*Paul Little*

Clerk

Entered:  July 2, 2025.

---

[8] Boylston Brookline LLC's request for appellate attorney's fees and double costs is denied.

[9] The panelists are listed in order of seniority.