ALBERTA V. CUDDY *vs.* DONALD N. SWEENEY & others. March 14, 1979. We conclude that the judge acted properly in dismissing the plaintiff's amended complaint.

The record reveals that the plaintiff put before the judge several documents and records (a number attached to the complaint itself as "exhibits") in an effort to persuade him that the murky and somewhat unintelligible complaint stated a claim or claims. A consideration of the complaint, the exhibits attached to it, and the other documents and records confirms the judge's conclusion that the complaint was deficient in several material respects. The first count attempts to state a claim for malicious prosecution and abuse of process against three

defendants. The statement of these claims in terms of relevant allegations is confined to paragraphs 6(a) and 6(b), referring, respectively, to two lawsuits brought in 1967 and 1970. The balance of the assertions in the first count beyond these paragraphs is generally irrelevant surplusage. The plaintiff was never a party to the 1967 lawsuit, which was ultimately settled and "dismissed, with prejudice." She, therefore, could not show under any set of facts that process issued against her (see *Jones* v. *Brockton Pub. Mkt., Inc.*, 369 Mass. 387, 390 [1975]) or that a claim was brought against her which was terminated in her favor, an essential element of a malicious prosecution claim. *Dangel* v. *Offset Printing, Inc.*, 342 Mass. 170, 171 (1961). See *Pilos* v. *First Natl. Stores, Inc.*, 319 Mass. 475, 477-478 (1946); *Hubbard* v. *Beatty & Hyde, Inc.*, 343 Mass. 258, 261 (1961). The same conclusions hold true for the 1970 lawsuit, since the record indicates that the present defendants did not institute that suit against the plaintiff; her participation in the action occurred by way of her own voluntary intervention. Both claims are also barred by the statute of limitations governing malicious prosecution and abuse of process actions, G. L. c. 260, § 2A, as amended by St. 1973, c. 777, § 1, a fact that is manifest on the face of the pleading.

The second count attempting to state a claim for civil conspiracy fares no better. The claim it asserts is by its terms inextricably connected with the claim proposed in the first count. Since the first count fails, the second count of necessity must also fail. Even if considered apart from the claims in the first count, the allegations in the second count are totally insufficient to charge the defendants with having committed the tort of conspiracy. See *Willett* v. *Herrick*, 242 Mass. 471, 477-478 (1922); *DesLauries* v. *Shea*, 300 Mass. 30, 33-34 (1938); *Comerford* v. *Meier*, 302 Mass. 398, 401 (1939).

The over-all futility of the pleading is characterized in the plaintiff's brief, which asks that if "the present action cannot be fitted into any existing tort action," the court permit relief by recognizing a "new and nameless" tort. The complaint could not be considered appropriate for further amendment (see and compare *Balsavich* v. *Teamsters Local 170*, 371 Mass. 283, 287-288 [1976]) and was rightly dismissed.

*Judgment affirmed.*

The case was submitted on briefs.
*Roy Frank Kipp* for the plaintiff.
*Steven P. Perlmutter* for the defendants.