**Barbara MILAZZO, Plaintiff, Appellant,**

v.

**SENTRY INSURANCE, a Mutual Company, Defendant, Appellee.**

**No. 87–2105.**

United States Court of Appeals, First Circuit.

Heard May 4, 1988.

Decided May 26, 1988.

Stephen D. Davis with whom Jay A. Canel, Chicago, Ill., and Dante G. Mummolo, Boston, Mass., were on brief, for plaintiff, appellant.

Stephen J. Paris with whom D. Alice Olsen, Hunter O'Hanian and Morrison, Mahoney & Miller, Boston, Mass., were on brief, for defendant, appellee.

Before COFFIN, BOWNES and TORRUELLA, Circuit Judges.

PER CURIAM.

Plaintiff-appellant Barbara Milazzo was severely injured when the automobile in which she was a passenger was involved in an accident. The driver of the car was killed. Milazzo claimed that she was covered under the deceased driver's automobile liability insurance policy, issued by defendant-appellee Sentry Insurance. Milazzo attempted to settle her claim with Sentry for the policy limit of $5,000. Sentry refused to settle on the ground that Milazzo as a "guest occupant" was excluded from coverage under the policy.

Milazzo then brought suit against the deceased driver's estate. Sentry initially undertook defense of that suit, but, after several months of discovery, withdrew from the defense because no facts had emerged establishing that Milazzo was other than an excluded "guest occupant." A $2.5 million default judgment against the estate was then awarded to Milazzo. The judgment is uncollectable because the estate has no assets. In the present action, Milazzo seeks to enforce the $2.5 million judgment against Sentry on the ground that Sentry acted in bad faith in not defending the estate and in not settling Milazzo's claim.

Sentry moved for summary judgment in this action, and, while that motion was pending, a magistrate denied Milazzo's motion to compel discovery of documents in Sentry's claims file and stayed all discovery pending the summary judgment ruling. In a clear and comprehensive opinion, 691 F.Supp. 517, the district court held that Sentry was not liable to Milazzo and granted summary judgment for Sentry. We have reviewed that opinion, the terms of the insurance policy, the relevant facts and the applicable law. We affirm and adopt the opinion of the district court.

■ With respect to the question of discovery, we add the following. In footnote one of its opinion, the district court discussed Milazzo's motion to reconsider the magistrate's discovery order and rejected it on three grounds: (1) the motion to reconsider was untimely; (2) the magistrate's order was not clearly erroneous or contrary to law; and (3) an *in camera* review of the requested documents revealed that they would not be helpful to Milazzo in her opposition to summary judgment. The last stated ground is dispositive of Milazzo's discovery argument; even if the stay of discovery was erroneous, the error was harmless and does not warrant reversal. Fed.R.Civ.P. 61.

■ Moreover, we are not convinced that the stay was erroneously entered. Discovery is not "a fishing expedition"; parties must disclose some relevant factual basis for their claim before requested discovery will be allowed. *MacKnight v. Leonard Morse Hosp.*, 828 F.2d 48, 52 (1st Cir.1987); *see also Taylor v. Gallagher*, 737 F.2d 134, 137 (1st Cir.1984) ("A court may grant summary judgment despite an opposing party's claim that discovery would yield additional facts where the opposing party has not alleged specific facts that could be developed through such discovery."); *Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583, 597 (1st Cir.1980) (before compelling discovery, a "court should be satisfied that a claim is not frivolous, a pretense for using discovery powers in a fishing expedition"). We do not think the magistrate or the district court clearly erred in finding that Milazzo failed to allege facts adequate to justify her discovery request.

AFFIRMED.