SUPERIOR COURT 
 
 DEBRA HARDING, Individually and as Parent and Next Friend of Child vs. THOMAS B. PLANTE and GINETTE PLANTE

 
 Docket:
 1877CV00010
 
 
 Dates:
 February 11, 2021
 
 
 Present:
 /s/Jeffrey T. Karp Associate Justice, Superior Court
 
 
 County:
 ESSEX, ss.
 

 
 Keywords:
 MEMORANDUM OF DECISION AND ORDER ON DEFENDANT GINETTE PLANTE'S MOTION FOR JUDGMENT ON THE PLEADINGS (Paper No. 16)
 
 

             This action came before the Court on January 21, 2020, for a hearing on Defendant Ginette Plante's Motion For Judgment On The Pleadings (Paper No. 16) ("Motion").
            In the Complaint (Paper No. 1), plaintiff Debra Harding brings claims in her personal capacity ("Harding") and as the parent of Child[1] ("Child") against defendants Ginette Plante ("Ginette")[2] and Thomas B. Plante ("Thomas").[3]
            Harding originally filed suit in the United States District Court against Ginette, Thomas, and certain governmental actors on October 12, 2016, in the action of Debra  Harding, et. al v. Department of Children & Families, et. al, No. 1:16-cv-12047-RGS
---------------------------
[1] A pseudonym.
[2] The Court will refer to the defendants by their first names because they share a last name.
[3] On January 21, 2020, the Court also heard argument on Defendant Thomas Bernard Plante's Motion For Judgment On The Pleadings (Paper No. 12) ("Thomas's Motion"). The Court allowed Thomas's Motion (via a marginal endorsement) because the claims brought against Thomas are discharged by an Order of the Bankruptcy Court. (See Paper No. 12). However, the Court's analysis and decision herein regarding the Motion apply equally to the claims brought against Thomas and would otherwise result in the dismissal of certain of those claims.
                                                            Page 1 of 7
("USDC Action"). On July 14, 2017, in the USDC Action, the USDC granted the government defendants' motion to dismiss and declined pendent jurisdiction of the claims Harding and the Child brought against Ginette and Thomas. (See Exhibit 4 to Thomas's Motion).
            Thereafter, Harding filed the Complaint in this action on January 3, 2018. The latest date alleged in the Complaint on which either of the defendants committed tortious conduct is December 26, 2014, i.e., more than three years before Harding filed the Complaint in this Court. (See Complaint, 11 35).
            In the Motion, Ginette seeks dismissal under Mass.R.Civ.P. 12(c) of the claims brought against her in the Complaint by Harding in her individual capacity (i.e., not those she brought on behalf of Child). Ginette argues that said claims must be dismissed because they were not brought within the applicable three-year statute of limitations set forth in G.L. c. 260, § 2A. For her part, Harding seeks refuge from the application of the statute of limitations under the "renewal statute" at G.L. c. 260, § 32.
            As more fully explained below, the Motion is ALLOWED in part and DENIED in part.[4]
---------------------------
[4] At the hearing, Harding conceded that Counts 2, 3, and so much of Count 4 that is brought by Harding in her personal capacity fail to state a claim and must be dismissed pursuant to Rule 12(b)(6). Thus, without further analysis, the Motion is ALLOWED as to those Counts.
                                                            Page 2 of 7
STANDARD OF REVIEW
            The standard of review applicable to a motion for judgment on the pleadings under Rule 12(c) is the same as the standard applicable to a motion to dismiss pursuant to Mass. R. Civ. P. 12(b)(6). Boston Med. Ctr. Corp. v. Secretary of Executive Office of Health and Human Servs., 463 Mass. 447, 450 (2012) (applying Rule 12(b)(6) standard announced in lannacchino v. Ford Motor Co., 451 Mass. 623 (2008) to motion for judgment on pleadings).
            The standard applicable to motions brought under Rule 12(b)(6) is well known:
"While a complaint attacked by a . . . motion to dismiss does not need detailed factual allegations. . . a plaintiffs obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions. . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact). . . . What is required at the pleading stage are factual allegations plausibly suggesting (not merely consistent with) an entitlement to relief, in order to reflecta the threshold requirement of [Rule] 8(a)(2) that the plain statement possess enough heft to sho[w] that the pleader is entitled to relief."
Iannacchino, 451 Mass. at 636 (citations omitted) (emphasis added). See also Ashcroft v. lqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").
            Thus, in analyzing a motion for judgment on the pleadings, the Court must "consider whether the factual allegations in the complaint are sufficient, as a matter of law, to state a recognized cause of action or claim, and whether such allegations plausibly suggest an entitlement to relief." Town of Dartmouth v. Greater New Bedford Reg'l Voc. Tech. High School, 461 Mass. 366, 374 (2012).
                                                            Page 3 of 7
            The Court must accept the factual allegations asserted in the complaint, "even if doubtful in fact," as well as inferences that may be reasonably drawn from them, in favor of the nonmoving party. lannacchino, 451 Mass. at 625 n.7; Nader v. Citron, 372 Mass. 96, 98 (1977). However, "[t]hreadbare recitals of the legal elements, supported by mere conclusory statements, do not suffice," Ashcroft, 556 U.S. at 678; and, the Court will disregard legal conclusions cast in the form of factual allegations. Schaer v. Brandeis  Univ., 432 Mass. 474, 477 (2000). Moreover, a "formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).
            At bottom, a motion for judgment on the pleadings will be allowed "when the complaint's factual allegations (and reasonable inferences therefrom), accepted as true, do not plausibly suggest an entitlement to relief." Fraelick v. PerkettPR, Inc., 83 Mass. App. Ct. 698, 699-700 (2013); see also lannacchino, 451 Mass. at 636 (the moving party is entitled to judgment under Rule 12(b)(6) when a complaint fails to provide factual allegations sufficient to raise a right to relief above the "speculative level.").
DISCUSSION
            The allegations in the Complaint are far from a model of clarity and specificity. However, on their face and viewed in the light most favorable to Harding, the claims brought by Harding in her individual capacity appear to have been filed too late. The claims are for negligent infliction of emotional of distress (Count 16), intentional infliction of emotional of distress (Count 28), assault and battery (Count 1), conspiracy (Count 22), fraud (Counts 25 and 26), defamation (Counts 23 and 24), abuse of process (Count 27), and loss of consortium (Count 30). Each of these claims sound in tort and are subject to the three year statute of limitations at G.L. c. 260, § 2A. See Mellinger v. 
                                                            Page 4 of 7
West Springfield, 401 Mass. 188 (1987) (intentional infliction of emotional distress); Pagliuca v. City of Boston, 35 Mass. App. Ct. 820, 823 (1994) (civil conspiracy); Solomon v. Birger, 19 Mass. App. Ct. 634 (1985) (fraud); Zampell v. Consolidated  Freightways Corp., 15 Mass. App. Ct. 954 (1983) (loss of consortium); Cuddy v.  Sweeney, 7 Mass. App. Ct. 880 (1979) (abuse of process); Salcedo v. Town of Dudley, 629 F. Supp. 2d 86 (D. Mass. 2009) (defamation).
            As stated, Harding argues that after the dismissal of the USDC Action, she was entitled to "renew" her claims against Ginette and Thomas in this Court within one year pursuant to the so-called "renewal statute" at G.L. c. 260, § 32. Under that statute, when an action "duly commenced within the [applicable statute of limitations] is dismissed . . . for any matter of form . . . [the plaintiff] may commence a new action for the same cause within one year after the dismissal." G.L. c. 260, § 32. Section 32 is applicable to pendent claims that are dismissed in earlier Federal proceedings because they are, generally, considered dismissals on "matters of form," rather than on the merits. Liberace v. Conway, 31 Mass. App. Ct. 40, 43 (1991). "[A] touchstone for what constitutes dismissal for reasons of matter of form is whether, within the original statute of limitations period, the defendant had actual notice that a court action had been initiated." Cannonball Fund, Ltd. v. Dutchess Capital Mgmt., LLC, 84 Mass. App. Ct. 75, 89 n.27 (2013) (quoting Liberace, 31 Mass. App. Ct. at 44).
            Here, a close examination of the complaint filed in the USDC Action (see Exhibit 2 to Thomas's Motion) reveals that Ginette and Thomas were on notice in the USDC Action of Harding's claims for negligent infliction of emotional of distress (Count 16), intentional infliction of emotional of distress (Count 28), conspiracy (Count 22), and loss
                                                            Page 5 of 7
of consortium (Count 30). Thus, insofar as those claims are re-alleged in the Complaint filed in connection with the current matter, they were clearly timely filed.
            The causes of action for assault and battery (Count 1), fraud (Counts 25 and 26), defamation (Counts 23 and 24), and abuse of process (Count 27) were not pled in the complaint filed in the USDC Action. Ginette argues, citing DeSantis v. Commonwealth  Energy Sys., 68 Mass. App. Ct. 759 (2007), the renewal statute does not save claims in this action that were "not the same as the claims previously presented in the [USDC Action]." However, DeSantis did not address the issue upon which Ginette relies. See id. at 766 n.10 (generally observing that the plaintiff was entitled to renew pendent state claims dismissed previously in a federal action). Therefore, notwithstanding that the aforementioned causes of action were not brought in the USDC Action, the defendants have cited no legal authority for the proposition that Harding is precluded from bringing those causes of action for the first time in this action. In fact, case law appears to state otherwise. See Hallisey v. Bearse, 60 Mass. App. Ct. 916, 917 (2004) ("Failure to provide a defendant with any notice within the applicable limitations period that a claim is being made against him in court has been regarded, for these purposes, as a matter of substance rather than form.") (citations omitted).
            Finally, notwithstanding the Court's conclusion regarding the statute of limitations and the renewal statute, the Court rules that the Motion must be ALLOWED as to so much of Count 5 of the Complaint that seeks to recover against Ginette for intentional infliction of emotional distress because it fails to allege that Ginette acted in an extreme and outrageous manner. See Shea v. Cameron, 92 Mass. App. Ct. 731, 738 (2018) CA claim of intentional infliction of emotional distress requires: . .. `(2) that the defendant's
                                                            Page 6 of 7
conduct was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.") (citations omitted).
            In sum, the Motion is ALLOWED as to Count 2, Count 3, so much of Count 4 that Harding brought in her personal capacity, and Count 5. See n. 4, supra. The Motion is otherwise DENIED.
ORDER
            For the reasons stated above:
            1. Defendant Ginette Plante's Motion For Judgment On The Pleadings (Paper No. 16) is ALLOWED as to Count 2, Count 3, so much of Count 4 that is brought by Harding in her personal capacity, and Count 5. The Motion is otherwise DENIED.
            2. Count 2, Count 3, so much of Count 4 that is brought by Harding in her personal capacity, and Count 5 are HEREBY DISMISSED.